IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MATTHEW A. THOMPSON, | ) | CASE NO. 1:26 CV 290 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| HON. SHARON L. KENNEDY, | ) | |
| | ) | |
| Defendant. | ) | |

*Pro se* Plaintiff Matthew A. Thompson brings this action against the Chief Justice of the Supreme Court of Ohio, Sharon L. Kennedy seeking appellate review of her denial of his motion to disqualify the trial judge in his domestic relations case.  Chief Justice Kennedy's Motion to Dismiss (Doc. No. 7) is before the Court.  Plaintiff Thompson opposes the Motion.  (Doc. No. 8).

**Factual and Procedural Background**

Plaintiff is currently a litigant in a pending state court domestic relations/child custody case.  Those proceedings entailed repeated contempt citations against the Plaintiff resulting in monetary sanctions and incarceration.  In response to the contempt citations, Plaintiff filed multiple Affidavits of Disqualification under Ohio Revised Code § 2701.03 with the Supreme Court of Ohio, claiming the domestic relations court judge was not impartial, and seeking to have the judge removed from his case.  Chief Justice Kennedy denied his attempts on various grounds.  He also filed a petition for a writ of mandamus in the Supreme Court of Ohio demanding that the

court remove the domestic relations court judge's authority to hear his case. Chief Justice Kennedy denied the writ and dismissed the case. Plaintiff has now filed this civil rights action, claiming Chief Justice Kennedy did not correctly apply Ohio Revised Code § 2701.03 and therefore denied him due process. He seeks review and reversal of Chief Justice Kennedy's decisions, and an Order requiring her to disqualify the domestic relations court judge presiding over his child custody dispute.

Chief Justice Kennedy filed a Motion to Dismiss under Federal Civil Procedure Rules 12(b)(1) and 12(b)(6). She asserts that this Court lacks subject matter jurisdiction to conduct appellate review of state court decisions under the *Rooker-Feldman* doctrine. She further asserts that this federal court should abstain from interfering in a pending state court action, citing the *Younger* Doctrine. She also asserts that she is immune from suit under the Eleventh Amendment, and the Plaintiff failed to state a claim for denial of due process.

### Standard of Review

A Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges a Court's subject matter jurisdiction. Federal courts are courts of limited jurisdiction and, unlike state trial courts, they do not have general jurisdiction to review all questions of law. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Instead, they have only the authority to decide cases that the Constitution and Congress have empowered them to resolve. *Id.* Consequently, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377(1994) (internal citation omitted).

Rule 12(b)(1) Motions may challenge jurisdiction facially or factually. Fed.R.Civ.P. 12(b)(1); *United States v. Richie*, 15 F.3d 592, 598 (6th Cir.1994). In a facial attack, the challenger asserts that the allegations contained in the Complaint are insufficient on their face to invoke federal jurisdiction. *See In re Title Ins. Antitrust Cases*, 702 F.Supp.2d 840, 884-85 (N.D. Ohio 2010), citing, *Ohio Hosp. Ass'n v. Shalala*, 978 F.Supp. 735, 739 (N.D. Ohio. 1997). By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction. *Id.* A challenge to subject matter jurisdiction may be considered a factual attack when the attack relies on extrinsic evidence, as opposed to the pleadings alone, to contest the truth of the allegations. *Id.* The Plaintiff has the burden of proving subject matter jurisdiction in order to survive a Motion to Dismiss pursuant to Rule 12(b)(1). *Madison-Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir.1996). Lack of subject matter jurisdiction is a non-waivable, fatal defect. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1074 (6th Cir.1990).

When deciding a Motion to Dismiss under Federal Civil Rule 12(b)(6), the function of the Court is to test the legal sufficiency of the Complaint. *See Mayer v. Mulod*, 988 F.2d 635, 638 (6th Cir. 1993). The Supreme Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) clarified the law regarding what the Plaintiff must plead in order to survive a Motion to Dismiss under Rule 12(b)(6).

When determining whether the Plaintiff has stated a claim upon which relief can be granted, the Court must construe the Complaint in the light most favorable to the Plaintiff, accept all factual allegations as true, and determine whether the Complaint contains "enough facts to

-3-

state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555. The Plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* Although a Complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id.* The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

The Court in *Iqbal*, 556 U.S. at 677-78 , further explains the "plausibility" requirement, stating that "a claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Furthermore, "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id.* This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The Sixth Circuit has held that a court may consider allegations contained in the Complaint, as well as exhibits attached to or otherwise incorporated in the Complaint, all without converting a Motion to Dismiss to a Motion for Summary Judgment. FED. R. CIV. P. 10(c); *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997).

## Discussion

This Federal Court does not have legal authority to intervene in a pending state court action, compel a state court judge to rule differently, reverse the decision of a state court judge,

-4-

or remove a state court judge from a case. *See, e.g., Lathan v. Goulding*, No. 3:16-CV-01519, 2018 WL 3222594, at *2 (N.D. Ohio July 2, 2018). Federal District Courts are not appellate courts over the state court system and have no general power to puppeteer state court actions. Rather, Federal District Courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute.").

Plaintiff first asks this Court to declare that Chief Justice Kennedy's application of Ohio Revised Code § 2701.03 denied him due process. Specifically, he believes she should have granted, rather than dismissed, his requests to disqualify the domestic relations court judge. He also asks this Court to declare that she incorrectly applied Ohio Revised Code § 2701.03, and to enjoin her from allowing the domestic relations court judge to continue presiding over his domestic relations case. In essence, he is asking this Federal Court to reverse the decision of a state court judge on a state court matter. Finally, he asks this Court to "retain jurisdiction" to enforce compliance. (Doc. No. 1 at PageID #: 8)

This Court cannot "retain jurisdiction" because it does not have jurisdiction over the subject matter in this case and cannot to do any of the things requested by the Plaintiff. United States District Courts do not have jurisdiction to overturn state court judgments even if the request to reverse the state court judgment is based on an allegation that the state court's action was unconstitutional. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005).

Federal appellate review of state court judgments can only occur in the United States Supreme Court, by appeal or by writ of certiorari. *Id.* Under this principle, generally referred to as the Rooker-Feldman Doctrine, a party losing his case in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court based on the party's claim that the state judgment itself violates his or her federal rights. *Berry v. Schmitt* 688 F.3d 290, 298-99 (6th Cir. 2012).

The Rooker-Feldman doctrine is based on two United States Supreme Court decisions interpreting 28 U.S.C. § 1257(a).[1] *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923). This statute was enacted to prevent "end-runs around state court judgments" by requiring litigants seeking review of that judgment to file a writ of certiorari with the United States Supreme Court. The Rooker-Feldman doctrine is based on the negative inference that, if appellate court review of state judgments is vested in the United States Supreme Court, then such review may not occur in the lower federal courts. *Exxon Mobil Corp.*, 544 U.S.

---

[1] 28 U.S.C. § 1257(a) provides:

> Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari where the validity of a treaty or statute of the United States is drawn in question or where the validity of a statute of any State is drawn in question on the ground of its being repugnant to the Constitution, treaties, or laws of the United States, or where any title, right, privilege, or immunity is specially set up or claimed under the Constitution or the treaties or statutes of, or any commission held or authority exercised under, the United States.

at 283-84; *Kovacic v. Cuyahoga County Dep't of Children and Family Services*, 606 F.3d 301, 308-311 (6th Cir. 2010); *Lawrence v. Welch*, 531 F.3d 364, 369 (6th Cir. 2008).

Rooker-Feldman is a doctrine with narrow application. It does not bar federal jurisdiction "simply because a party attempts to litigate in federal court a matter previously litigated in state court." *Exxon Mobil Corp.*, 544 U.S. at 293; *Berry*, 688 F.3d 298-99. It also does not address potential conflicts between federal and state court orders, which fall within the parameters of the doctrines of comity, abstention, and preclusion. *Berry*, 688 F.3d 299. Instead, the Rooker-Feldman doctrine applies only where a party losing his or her case in state court initiates an action in federal district court complaining of injury caused by a state court judgment itself, and seeks review and rejection of that judgment. *Berry*, 688 F.3d 298-99; *In re Cook*, 551 F.3d 542, 548 (6th Cir.2009). To determine whether Rooker-Feldman bars a claim, the Court must look to the "source of the injury the Plaintiff alleges in the federal complaint." *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir.2006); *see Berry*, 688 F.3d at 299; *Kovacic*, 606 F.3d at 310. If the source of the Plaintiff's injury is the state-court judgment itself, then the Rooker-Feldman doctrine bars the federal claim. *McCormick*, 451 F.3d at 393. "If there is some other source of injury, such as a third party's actions, then the Plaintiff asserts an independent claim." *Id.*; *see Lawrence*, 531 F.3d at 368-69. Determining when a Plaintiff seeks review of a state-court judgment versus when a Plaintiff presents a federal claim independent of a state-court judgment can be difficult. To aid in this inquiry, the Court considers the Plaintiff's requested relief. *Evans v. Cordray*, No. 09–3998, 2011 WL 2149547, at *1 (6th Cir. May 27, 2011).

-7-

Here, the requested relief leaves no doubt that Plaintiff is seeking appellate review of the Supreme Court of Ohio's decisions regarding the disqualification of the domestic relations court judge. He asks this Court to declare that Chief Justice Kennedy misapplied Ohio law, and order her to reverse her decision. This Court lacks subject matter jurisdiction to review that judgment, and cannot order an Ohio Supreme Court Justice to alter her decision denying him relief.

Moreover, because the relief Plaintiff seeks would have a direct impact on his pending domestic relations case, this Court would be required to abstain from making a decision in this case, even if Plaintiff had successfully argued that this Court had subject matter jurisdiction to overturn the state court judgment regarding disqualification of a state court judge. Our structure of government urges federal courts to abstain from exercising jurisdiction over a claim when ruling on the claim would interfere with ongoing state proceedings. *See Younger v. Harris*, 401 U.S. 37, 41 (1971). When a person is the target of an ongoing state action involving important state matters, he or she cannot interfere with the pending state action by maintaining a parallel federal action involving claims that could have been raised in the state case. *Watts v. Burkhart*, 854 F.2d 839, 844-48 (6th Cir.1988). If the state Defendant files such a case, *Younger* abstention requires the federal court to defer to the state proceeding. *Id*; *see also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987). Based on these principles, abstention is appropriate if: (1) state proceedings are on-going; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal questions. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Abstention is mandated whether the state court proceeding is criminal, quasi-criminal, or civil in nature as long

as federal court intervention "unduly interferes with the legitimate activities of the state." *Younger*, 401 U.S. at 44.

All three factors supporting abstention are present. Plaintiff is a party in an on-going child custody case in state court, and child custody matters are exclusively the province of the state. *See Ankenbrandt v. Richards*, 504 U.S. 689, 704 (1992). The third requirement of *Younger* is that Plaintiff must have an opportunity to assert his federal challenges in the state court proceeding. The pertinent inquiry is not whether Plaintiff can convince the state courts to agree with him, but whether the state proceedings afford an adequate opportunity to raise the federal claims. *Moore v. Sims*, 442 U.S. 415, 430 (1979). The burden at this point rests on the Plaintiff to demonstrate that state procedural law bars presentation of his claims. *Pennzoil Co.*, 481 U.S. at 14. Here, Plaintiff presented his arguments for disqualification to the state courts and they have denied relief. He had an opportunity to raise his federal claim in those proceedings and in the domestic relations court case. The requirements of *Younger* are satisfied and this Court must abstain from interfering in any pending state court actions involving the Plaintiff and his child custody dispute.

## Conclusion

Accordingly, Defendant's Motion to Dismiss under Federal Civil Procedure Rules 12(b)(1) and 12(b)(6) (Doc. No. 7) are granted and this action is dismissed. Plaintiff's Motion for Preliminary Injunction (Doc. No. 2) and Motion for Leave to File Electronically (Doc. No.

10), are denied as moot.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

    IT IS SO ORDERED.

_____
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: March 25, 2026

---

[2]    28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.